IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

CORA BLOCHER                                                                Plaintiff

v.                                          4:07CV00810 BSM/HLJ

MICHAEL J. ASTRUE,
Commissioner, Social
Security Administration,                                                   Defendant

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

### INSTRUCTIONS

This recommended disposition has been submitted to United States District Judge Brian S. Miller. The parties may file specific objections to these findings and recommendations and must provide the factual or legal basis for each objection. The objections must be filed with the Clerk no later than eleven (11) days from the date of the findings and recommendations. A copy must be served on the opposing party. The District Judge, even in the absence of objections, may reject these proposed findings and recommendations in whole or in part.

### RECOMMENDED DISPOSITION

Plaintiff, Cora Blocher, has appealed the final decision of the Commissioner of the Social Security Administration to deny her claim for Disability Insurance benefits. Both parties have submitted appeal briefs and the case is ready for decision.

The Court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and free of legal error. Long v. Chater, 108 F.3d

185, 187 (8th Cir. 1997); see also, 42 U.S.C. § 405(g).  Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Richardson v. Perales, 402 U.S. 389, 401 (1971); Reynolds v. Chater, 82 F.3d 254, 257 (8th Cir. 1996).

In assessing the substantiality of the evidence, the Court must consider evidence that detracts from the Commissioner's decision as well as evidence that supports it; the Court may not, however, reverse the Commissioner's decision merely because substantial evidence would have supported an opposite decision.  Sultan v. Barnhart, 368 F.3d 857, 863 (8th Cir. 2004); Woolf v. Shalala, 3 F.3d 1210, 1213 (8th Cir. 1993).

"Disability" is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. § 423(d)(1)(A).  A "physical or mental impairment" is "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."  42 U.S.C. § 423(d)(3).

Plaintiff alleged that she was limited in her ability to work by bilateral carpal tunnel syndrome, depression, anxiety, a gender identity disorder and migraine headaches. (Tr. 94) The Commissioner found that she was not disabled within the meaning of the Social Security Act.  The only issue before this Court is whether the Commissioner's decision that Plaintiff was not disabled within the

meaning of the Act is supported by substantial record evidence.

After conducting an administrative hearing, the Administrative Law Judge [1] (ALJ) concluded that Plaintiff had not been under a disability within the meaning of the Social Security Act at any time through August 16, 2006, the date of his decision. (Tr. 16-17)  On August 1, 2007, the Appeals Council denied Plaintiff's request for a review of the ALJ's decision, making the ALJ's decision the final decision of the Commissioner. (Tr. 4-6)  Plaintiff then filed her complaint initiating this appeal. (Docket #2)

After consideration of the record as a whole, the Court finds that the decision of the Commissioner is supported by substantial evidence.

Plaintiff was 47 years old at the time of the hearing. (Tr. 587)  She completed at least one year of college[2]. (Tr. 177)  She has past relevant work as a cashier/checker, truck driver and automobile mechanic. (Tr. 15)

The ALJ considered Plaintiff's impairments by way of the required five-step sequential evaluation process. The first step involves a determination of whether the claimant is involved in substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(i) (2005). If the claimant is, benefits are denied, regardless of medical condition, age, education or work experience. Id. at § 404.1520(b).

Step 2 involves a determination of whether the claimant has an

---

[1] The Hon. Robert L. Neighbors.

[2] She testified that she had 69 credits. (Tr. 588)  She told an examiner that she had graduated high school and earned an Associates Degree in business from Everett Community College. (Tr. 282)

3

impairment or combination of impairments which is "severe" and meets the duration requirement. Id. at § 404.1520(a)(4)(ii). If not, benefits are denied. Id. A "severe" impairment significantly limits a claimant's ability to perform basic work activities. Id. at § 404.1520(c).

Step 3 involves a determination of whether the severe impairment(s) meets or equals a listed impairment. Id., § 404.1520(a)(4)(iii). If so, and the duration requirement is met, benefits are awarded. Id.

If the claimant does not meet or equal a Listing, then a residual functional capacity assessment is made. Id., § 404.1520(a)(4). This residual functional capacity assessment is utilized at Steps 4 and 5. Id.

Step 4 involves a determination of whether the claimant has sufficient residual functional capacity to perform past relevant work. Id., § 404.1520(a)(4)(iv). If so, benefits are denied. Id.

Step 5 involves a determination of whether the claimant is able to make an adjustment to other work, given claimant's age, education and work experience. Id., § 404.1520(a)(4)(v). If so, benefits are denied; if not, benefits are awarded. Id.

The ALJ found that Plaintiff had not engaged in substantial gainful activity since July 30, 2003, her alleged onset date. (Tr. 12) He found that Plaintiff had "severe" impairments, depression, headaches, carpal tunnel syndrome and back pain, but that she did not have an impairment or combination of impairments that met or equaled a Listing. Id. He judged that Plaintiff's allegations regarding the intensity, duration and limiting effects of her symptoms were not

4

totally credible.  (Tr. 15)

The ALJ found that Plaintiff retained the residual functional capacity to perform medium work with the further restrictions that she could not operate moving machinery, drive or work at unprotected heights; nonexertionally, she could perform tasks where interpersonal contact was routine but superficial, complexity of tasks was learned by experience and could involve several variables, judgment was within limits, little supervision was needed for routine tasks but detailed supervision was needed for tasks that were not routine. (Tr. 13)

He decided that Plaintiff was unable to perform any of her past relevant work.  (Tr. 15)  Based on the testimony of a vocational expert witness in response to a hypothetical question, the ALJ found that there were a significant number of jobs in the economy which Plaintiff could perform, notwithstanding her limitations, for example, janitor or kitchen assistant.  (Tr. 16)  Consequently, the ALJ concluded that Plaintiff was not disabled.  Id.

Plaintiff argues that the ALJ erred in finding that she did not meet or equal a Listing for a mental disorder.  (Br. 2, 6-12)  She did not specify which Listing she met, however.[3]  Id.  Such a failure to flesh out an argument is waiver of the argument.

> [W]e see no reason to abandon the settled appellate rule that issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived.  It is not enough merely to mention a possible argument in the most skeletal way, leaving the court to do counsel's work, create the ossature for the

---

[3]At one point, Plaintiff states that she met Listing 42:123-42:127. Those are not Listings, however.

>     argument, and put flesh on its bones.  As we recently said
>     in a closely analogous context: "Judges are not expected to
>     be mind[]readers.  Consequently, a litigant has an
>     obligation 'to spell out its arguments squarely and
>     distinctly,' or else forever hold its peace."

United States v. Zannino, 895 F.2d 1, 17 (1st Cir. 1990),  cert. denied, 494 U.S. 1082 (1992)(citations omitted); accord, Vandenboom v. Barnhart, 421 F.3d 745, 750 (8th Cir. 2005) (rejecting out of hand conclusory assertion that ALJ failed to consider whether claimant met Listings because claimant provided no analysis of relevant law or facts regarding Listings); Murrell v. Shalala, 43 F.3d 1388, 1389 n.2 (10th Cir. 1994) (perfunctory complaint fails to frame and develop issue sufficiently to invoke appellate review); Hartmann v. Prudential Ins. Co. of America, 9 F.3d 1207, 1212 (7th Cir. 1993) (failure to press a point, even if mentioned, and to support it with proper argument and authority forfeits it) (Posner, C.J.);  SEC v. Thomas, 965 F.2d 825, 827 (10th Cir. 1992) (it is obligatory that appellant claiming error as to factual determination provide court with essential references to record to carry burden of proving error); Leer v. Murphy, 844 F.2d 628, 635 (9th Cir. 1988) (issues raised in brief which are not supported by argument are deemed abandoned).

   The Listed mental disorders include organic mental disorders, psychotic disorders, affective disorders, mental retardation, anxiety related disorders, somatoform disorders, personality disorders, substance addiction disorders and autistic and other pervasive developmental disorders.  20 C.F.R. Pt. 404, Subpt. P, App. 1 Listings 12.02-12.10 (2005).

   In support of her contention, Plaintiff cites to 1998-99 notes

by an "interim therapist." (Br. 7-9) She also quotes from a 2001 letter written apparently by a Master of Arts who identifies herself as a "Psychotherapist, Qualified Gender Specialist." (Tr. 217) All of the cited material is well outside the relevant time period and neither source is among the "acceptable sources" of medical evidence upon which the ALJ may rely. 20 C.F.R. § 404.1513(a) (2005). Plaintiff also cites an acceptable source from April of 2003, still outside the relevant time period, but closer to it. None of the cited materials, however, support a conclusion that Plaintiff met or equaled a mental disorder Listing. There is substantial evidence that supports an opposite conclusion. After a three-day hospitalization for suicidal ideation, Plaintiff was "much better." (Tr. 377) She felt she was coping well on Wellbutrin. (Tr. 378) She had good eye contact, and was very pleasant and cooperative. Id. Mood was one of joyfulness, mental peace and tranquility. Id. Affect was appropriate; she denied suicidal or homicidal ideation. Id. In September of 2003, she was considering selling Avon. (Tr. 370) She testified that she had applied for numerous jobs. (Tr. 607) She testified that her most disabling condition was depression. (Tr. 591) However, she was not taking an antidepressant at the time of the hearing. (Tr. 594) In June of 2004, she could not find a job, so she decided to go to college in the fall. (Tr. 314) In October, she indicated that classes were going fairly well. (Tr. 305) She was tapering off her antidepressant. (Tr. 300)

Plaintiff has the burden of showing that she met a Listing. Pyland v. Apfel, 149 F.3d 873, 877 (8th Cir. 1998). She did not meet that burden. For a plaintiff to show that her impairment matches a

Listing, it must meet all of the specified medical criteria. Marciniak v. Shalala, 49 F.3d 1350, 1353 (8th Cir. 1995), quoting Sullivan v. Zebley, 493 U.S. 521, 530 (1990); accord, Harris v. Barnhart, 356 F.3d 926, 928 (8th Cir. 2004).

Next, Plaintiff argues that the ALJ failed to assess her nonexertional impairments. (Br. 12-13)  Plaintiff fails to indicate what nonexertional impairments the ALJ failed to assess. Id. Plaintiff's argument lacks merit.  The ALJ discussed her depression and treatment for it.  (Tr. 12-14)  He discussed her migraine headaches, carpal tunnel syndrome, gastrointestinal reflux disease, aches and pains and treatment for them.  (Tr. 14)  He discussed postural limitations.  (Tr. 15)  He incorporated nonexertional restrictions into his residual functional capacity determination. (Tr. 13)

Finally, Plaintiff contends that the ALJ failed in his duty to fully and fairly develop the record.  (Br. 13-15)  She does not specify in what manner the record should have been better developed. Id.  Plaintiff bears a heavy burden in showing the record has been inadequately developed; she must show both a failure to develop necessary evidence and unfairness or prejudice from that failure. Combs v. Astrue, 243 Fed.Appx. 200, 204 (8th Cir. 2007); Robinson v. Astrue, 2008 WL 312034 (E.D. Ark.).  The ALJ is permitted to issue a decision without obtaining additional evidence as long as the record is sufficient to make an informed decision.  E.g., Haley v. Massanari, 258 F.3d 742, 749 (8th Cir. 2001); Anderson v. Shalala, 51 F.3d 777, 779 (8th Cir. 1995).  In this case, it was.

It is not the task of this Court to review the evidence and make an independent decision.  Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts his findings.  The test is whether there is substantial evidence on the record as a whole which supports the decision of the ALJ.  E.g., Mapes v. Chater, 82 F.3d 259, 262 (8th Cir. 1996); Pratt v. Sullivan, 956 F.2d 830, 833 (8th Cir. 1992).

The Court has reviewed the entire record, including the briefs, the ALJ's decision, the transcript of the hearing and the medical and other evidence.  There is ample evidence on the record as a whole that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case.  Richardson v. Perales, 402 U.S. at 401; see also Reutter ex rel. Reutter v. Barnhart, 372 F.3d 946, 950 (8th Cir. 2004).  The Commissioner's decision is not based on legal error.

THEREFORE, the Court hereby affirms the final determination of the Commissioner and dismisses Plaintiff's complaint with prejudice.

IT IS SO ORDERED.

DATED this 2nd day of May, 2008.


*Henry L. Jones, Jr.*
UNITED STATES MAGISTRATE JUDGE